# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JOHN C. FLETCHER,                      )
                                       )
          **Petitioner,**          )
                                       )
      **vs.**                       )      **CASE NO.   CIV-09-1380-M**
                                       )
UNITES STATES OF AMERICA,              )
                                       )
          **Respondent.**          )

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a federal prisoner currently in custody at the Grady County Jail in Chickasha, Oklahoma, and appearing pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Petitioner has subsequently filed a motion for summary judgment. In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined[1] and for the reasons set forth herein, it is recommended that the petition be dismissed.

Petitioner has been indicted in this Court on several counts regarding the possession, sale, and manufacture of drugs and for the possession of a firearm. His trial is set for the March 2010 docket. Case No. CR-09-21-M, U.S. District Court for the Western District of Oklahoma, Docket. Petitioner is currently in custody pursuant to his waiver of a detention

---

[1] <u>See</u> Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (authorizing application of the rules to other habeas actions in the Court's discretion).

hearing and consent to an order of detention pending further proceedings.  Id.

In support of his petition, Petitioner raises seven grounds for relief that all relate to his ongoing federal criminal case.  In Ground One, he claims that he is being detained in violation of his constitutional rights because the first indictment was not dismissed prior to the grand jury returning a second indictment.  Petition, 3.  In Ground Two, he claims that his Sixth Amendment right to a speedy trial has been violated.  Id. at 4.  In Ground Three, he claims that his right to due process was violated because he was not indicted within thirty days of his arrest.  Id.  Petitioner's fourth argument is incomprehensible, but he appears to allege his psychological examination was not conducted within the statutory limits.  He states the grounds as "[p]sychiatric or psychologica[l] examination" and alleges, "[s]ection 4242[2] for a reasonable period but not to exceed forty[-]five days this is a violation too."  Id.  In Ground Five, he claims that the trial court violated the Sixth Amendment, 18 U.S.C. §§ 3161 and 3162, and Fed. R. Crim. P. 50 in failing to bring his case to trial timely.  Id. at 5.  In Ground Six, he alleges a violation of the Speedy Trial Act and the double jeopardy clause. Id.  Finally, in Ground Seven, he claims that his counsel is ineffective for failing to raise unspecified issues, impeach witnesses, and pursue his defense.  Id.

## ANALYSIS

In general, a federal habeas court should not intervene in a pending federal criminal prosecution where the petitioner has an adequate forum for his federal claims.  Gonzalez v.

---

[2]Although Petitioner alleges § 4242, it is assumed he is referring to the time limits contained in 18 U.S.C. § 4247(b).

United States, No. 09-cv-02184-BNB, 2009 WL 4110276 at *1 (D. Colo. Nov. 24, 2009).[3]

See also Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); Green v. Richardson, No. 09-3234-RDR, 2009 WL 4049973 at *2 (D. Kan. Nov. 20, 2009) (proper procedure for federal pretrial detainee to contest pretrial detainment is to raise matters in criminal proceeding and on direct appeal).

Morever, to be eligible for habeas corpus relief under §2241, a federal pretrial detainee generally must exhaust available remedies. Chandler v. Pratt, No. 03-1286, 96 Fed. Appx. 661, 662 (10th Cir. May 14, 2004). In Chandler, the petitioner contended, much like the Petitioner does here, that he was being denied his right to a speedy trial and that the superceding indictment filed against him in his pending federal criminal proceeding was defective. The Court stated:

> To be eligible for habeas corpus relief under §2241, a federal pretrial detainee usually must exhaust other available remedies . . . . Here, all the claims petitioner attempted to raise in his §2241 petition should have been, and apparently were being, pursued in the criminal action. To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping. The district court properly dismissed petitioner's claims without prejudice for failure to exhaust, and there was no arguable basis in law or fact for appealing that decision.

---

[3]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Chandler, 96 Fed. Appx. at 662. See also Hall v. Pratt, No. 03-1387, 97 Fed. Appx. 246, 247 (10th Cir. April 7, 2004); Clark v. Revel, No. CIV-09-228-M, 2009 WL 763487 at *2 (W.D. Okla. March 19, 2009) (Purcell, M.J.) ("Petitioner's challenges to the federal criminal proceeding can and should be brought in the criminal matter, in an appeal to the Tenth Circuit Court of Appeals of pretrial decisions as allowed under federal law, or, should he be convicted, in an appeal following conviction.) Clark v. Forsythe, No. CIV-09-0463-HE, 2009 WL 2231325 at *2 (W.D. Okla. July 23, 2009) (Couch, M.J.) ("Petitioner must first raise the claims asserted in this §2241 action in his pending criminal proceeding.").

Here, Petitioner has filed a number of pro se motions in the criminal matter regarding some of the same claims he raises in his habeas petition and all of his pro se motions have either been denied or stricken by Chief Judge Miles-LaGrange as Petitioner is represented by counsel in that case. See Docket, Case No. CR-09-21-M, U.S. District Court for the Western District of Oklahoma. Petitioner has attempted interlocutory appeals on some of these rulings, but the Circuit has dismissed the attempted appeals. United States v. Fletcher, No. 09-6265 (10th Cir. Jan. 4, 2010); United States v. Fletcher, 09-6284 (10th Cir. Jan. 5, 2010). Petitioner has also filed another attempted appeal with the Circuit and that appeal has now been docketed. United States v. Fletcher, No. 10-6028 (10th Cir. Feb. 2, 2010). Petitioner has an attorney in his pending criminal case and through his attorney he may raise any meritorious claims he has regarding the issues he attempts to bring in this federal habeas action. He has not alleged nor shown that those remedies are inadequate to have his constitutional claims heard. Accordingly, it is recommended that this petition be dismissed

upon filing.

## RECOMMENDATION

For the reasons set forth above, it is recommended that the petition for a writ of habeas corpus be dismissed on filing without prejudice. In light of this recommendation, it is further recommended that Petitioner's motion for summary judgment [Doc. No. 9] be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 9, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter. The Clerk of the Court is instructed to send a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma on behalf of the Respondent.

Dated this 17th day of February, 2010.


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE